148 So. 327

## SIMMONS et al. v. HOLLIDAY.

### 2 Div. 9.

Supreme Court of Alabama.

May 18, 1933.

Jerome T. Fuller, of Centerville, and Arthur W. Stewart, of Marion, for appellants.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellee.

**FOSTER, Justice.**

This is statutory ejectment by appellee against appellants. Defendants, the two appellants here, filed two pleas, (1) not guilty, and (2) that they had possession under color

of title. Issue was taken on plea No. 2 without testing its sufficiency in any respect.

██ Appellants claim they were due the affirmative charge regardless of the merits of that plea as one in bar, since it was proven without dispute. They would be technically accurate in that claim if we concede that so-called plea 2 is one in bar. But any form of pleading is to be interpreted according to its substance, and not always by what it is called, nor the manner of its setting. The form in which it is set up does not show how or in what respect it is intended to be defensive. But though it does not show a defense to the existence of the right of recovery, for which "not guilty" is all that is necessary, it does set up facts material to lessen the amount of recoverable damages which should be brought to the attention of the court in some form for record. Those facts are made material by section 7464, Code.

██ Our system of pleading is elastic and free from technical form. When an instrument of pleading is filed without expressly alleging in what respect it is intended to be defensive, and it is insufficient for one purpose, but sufficient for another, and no demurrer is interposed, this court will not reverse the trial court for treating it for the purpose for which it is sufficient. We will not therefore reverse the trial court for refusing the affirmative charge because issue was taken on plea 2, and it was proven.

██ The complaint was in Code form (section 9531, form 32) and claimed damages for the detention of the land sued for. Section 7453, Code, provides for the recovery not only of mesne profits, but also for waste. It has been held by this court that the claim for damages in ejectment using the Code form "for detention," of the land is confined to mesne profits for use and occupation, and that a claim in that form does not justify a recovery of damages for waste, now permitted by an addition to the right as incorporated in section 7453, Code 1923. Profile Cotton Mills v. Calhoun Water Co., 204 Ala. 243, 85 So. 284.

██ But the rulings of the court on this subject were without injury to appellants, since the verdict was for $20 damages, and the undisputed evidence was that the value of the use and occupation was at least that sum, and therefore it is apparent that the verdict did not include more than the minimum amount due for use of the land.

We find no reversible error in the rulings of the court. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.