49 So.2d 108

**ALLINDER v. CITY OF HOMEWOOD.**
**6 Div. 2.**

Supreme Court of Alabama.

Oct. 26, 1950.

Rehearing Denied Dec. 7, 1950.

528

Wilkinson & Skinner, of Birmingham, for appellant.

Irvine C. Porter, of Birmingham, for appellee.

FOSTER, Justice.

The appellant in this case filed suit in the circuit court, in equity, to enjoin the City of Homewood, a municipal corporation, in Jefferson County, from enforcing certain features of an ordinance numbered 334 adopted by said city. Upon application for temporary injunction, it was set down for hearing, notice given, and both parties appeared. The city demurred to the bill, but filed no answer. No proof was submitted except the bill sworn to. The court granted the application for temporary injunction in respect to some features of the ordinance and denied it in respect to other features. From that decree the complainant appeals and the City of Homewood has cross assigned errors.

The bill of complaint alleges that the appellant owns and operates a tourist court in the City of Homewood, Alabama, known as Bob's Tourist Court and has been so operated for the past fourteen years, providing sleeping accommodation for transients and therefore occupies the relation of innkeeper to those seeking such accommodations.

The bill alleges that those features of the ordinance, which the court refused to enjoin, violated his constitutional rights and arbitrarily deprived him of the power to conduct his business in his own way, alleging that he has always conducted it free from unsanitary, illegal or immoral conditions.

The particular matters contained in said ordinance involved in the assignments of error by appellant are specifically set out in said assignments, each separately.

The City of Homewood has cross assigned error with respect to those features of the ordinance, as to which the trial court ordered a temporary injunction. They are set out in cross assignments from one to seven, both inclusive.

The right and power of the City of Homewood in respect to such ordinance must rest upon its police power. That power so far as at present material is contained in section 455, Title 37, Code, wherein all municipalities in this State are authorized to provide by ordinance "for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of the inhabitants of the municipality, and enforce obedience to such ordinances".

We are not here dealing with the "police jurisdiction" of the City of Homewood, for the allegation is made that the tourist court is within the City of Homewood which of course means within the corporate limits of the city. We do not find any specific law directly applicable to the City of Homewood granting a different or more extensive police power than that expressed in the Code as applicable to all municipalities in the State. It must be governed by such police power as is granted to the municipalities by legislative enactment. There is no reason, however, to doubt that the power contained in the statute quoted above is broad enough for all reasonable purposes there defined and to secure the object sought to be accomplished by the ordinance here involved. It is the same police power which the State has in respect to those particular matters, not to say now that the State does not possess in other respects a larger police power which it has granted to the City of Birmingham,—Title 62, section 654, Code,—but it has not been granted so far as we know to the City of Homewood. We think that situation is not important with respect to the question here involved.

We note that by Act approved August 12, 1947, General Acts 1947, page 176, Title 62, pocket part, section 330 [101 et seq.], the Legislature passed a law applicable to counties having a population of 400,000 or more, and therefore operative in Jefferson County, providing for the regulation of tourist courts and containing in many respects the salient features of ordinance 334, supra. Such Act of the Legislature does not seem to have been questioned by any court proceeding or its constitutionality considered. It is apparent that it was the opinion of the legislature that such regulation of tourist courts was within its police power in respect to the safety, health, morals, order, comfort and convenience of the inhabitants of the counties in which it has operation. It is not limited to such portions of the counties involved as are not within a municipality and, therefore, has operation within all the municipalities of the counties the same as it has in areas not under the police jurisdiction or the corporate limits of such municipalities. The ordinance in question is somewhat more restrictive than the State law. This is of course permissible if such restrictions do not conflict with State law and are not unreasonable.

With respect to the general power of the cities under their "police power" to adopt regulations, we have had many cases in this Court. The fact that some of them relate to the City of Birmingham should not make any material difference so far as the question here at hand is concerned, resulting from the fact that a more extensive police power is given to the City of Birmingham than to other cities because, in so far as the question here involved is concerned, the City of Homewood is granted ample police power and equal to that of the City of Birmingham.

We refer to some of the expressions of this Court with respect to the broad authority which cities have under such granted police power. We said in the case of City of Homewood v. Wofford Oil Co., 232 Ala. 634, 169 So. 288, that such powers extend to all appropriate ordinances for the protection of the peace, safety, health and good morals of the people affected thereby. The general welfare is a generic term often employed in this connection.

The right to conduct one's business in a way and manner agreeable to him is subject to such regulations as may be reasonably imposed under the police power. If the regulation may be supposed to be helpful in exercising such power and is not discriminatory or unduly burdensome, the courts do not nullify it. Whether it is wisely conceived, or whether purposes

sought to be accomplished by education, an exercise of patience, or some other means, is not for the courts to determine. We only pass on its constitutionality as written and not its wisdom or lack of it. Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626.

The city authorities are responsible for determining the propriety of such regulations within the scope of the police power and the courts cannot invade such field. Such power is not limited to protection of public health, but extends to matters of public convenience and matters pertaining to public wellbeing or welfare. Alosi v. Jones, 234 Ala. 391, 174 So. 774.

The attack made on the various features of the ordinance in question, separately considered, is that each such aspect is unreasonably arbitrary and oppressive. Such attack raises a judicial question and will take into consideration the circumstances affecting it. To justify annulling it or some features of it on such ground, it must be demonstrably shown that it is unreasonable. City of Birmingham v. Louisville & Nashville R. R., 216 Ala. 178, 112 So. 742.

The foregoing cases are merely typical of others as to what is required, and it is not necessary to cite the great number of cases which are to that effect and which are referred to in those cases, supra.

This brings us to an analysis of those particular features of the ordinance which the court refused to enjoin, and of which appellant complains. Appellant has set forth three propositions of law, specifically controlling the validity of those features of which he complains in his four assignments of error, to which we have heretofore referred. The first proposition, so stated, is that the City of Homewood cannot require appellant to keep the register required by ordinance 334. Proposition two is, the City of Homewood cannot require appellant to expose his private records to inspection of any police officer on duty at all times for a period of two years. The third proposition is, the court erred in not restraining the enforcement of that provision of section 2 of the ordinance purporting to make it unlawful for any occupant of any room to have sexual intercourse with anyone other than the lawfully wedded spouse of said occupant. The brief notes that each of the three aspects of ordinance No. 334 violates the constitutional rights of the appellant because they deprive him of liberty and freedom and the right to be free from obnoxious force and seizure and the tyranny of a police state, and constitute an unlawful discrimination. The first proposition is particularly applicable to the first assignment of error. The second proposition of law argued in brief has reference to the second and fourth assignments of error, and the third proposition has reference to the third assignment of error.

### First Assignment of Error.

This relates to the requirement that appellant shall cause an entry to be made on the register of his guests or patrons, showing the license number and make of automobile in which he travels to the tourist court, the date and hour of arrival and the number of the room or quarters rented to him. So far as the particular matter contained in the first assignment of error is concerned, we notice that it is practically the same as contained in section 2 of the Act of 1947, supra. It is our view that such a regulation could reasonably be thought by the authorities of the City of Homewood to be an aid in locating lost or stolen automobiles, in identifying the particular person so that in the event an offense is committed such identity could be more easily traced and analyzed, and it may be could serve many useful purposes in providing for the safety, morals, good order, comfort and convenience of the inhabitants of the City of Homewood. We find in the bill no allegation of facts which would justify the court in annulling that feature of the ordinance on the ground that it is unreasonable, arbitrary and oppressive.

The equal protection clause of the Fourteenth Amendment permits classification for an application of regulatory measures under the police power when such classification is based upon some rational basis. It is claimed that motor courts are of the

532

same class as hotels and no such requirements are made as to hotels.

■ There are certain regulations set out in Title 24, Code, applicable to hotels as there defined, which include tourist courts also. Those regulations were thought by the legislature to be equally applicable to hotels and tourist courts, but there are differences which also justify regulations as to one not needed as to the other. There may be few, if any, guests of a tourist court who do not go there in an automobile. Regulations of tourist courts which aid in finding stolen cars and the persons who stole them, such as fixing the time when they arrive, when they leave, their name and the license number and make of the car, cannot be said to be discriminatory because hotels are not so required, for that there is a material difference between them in that respect. We are not saying that the legislature could not make such a requirement as to hotels, or that cities could not, but they have not yet apparently found that to do so would be as helpful as to require it of tourist courts. Wilkey v. State, 244 Ala. 568 (on rehearing), 14 So.2d 536, 151 A.L.R. 765; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245.

"There is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied—that the Legislature must be held rigidly to the choice of regulating all or none." Silver v. Silver, 280 U.S. 117, 50 S.Ct. 57, 59, 74 L.Ed. 221, 65 A.L.R. 939; Pickett v. Matthews, 238 Ala. 542(13), 192 So. 261.

"The State 'may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses.'" Patsone v. Com. of Pennsylvania, 232 U.S. 138, 144, 34 S.Ct. 281, 282, 58 L.Ed. 539. "It is free to recognize degrees of harm, and it may confine its restrictions to those classes of cases where the need is deemed to be clearest." Miller v. Wilson, 236 U.S. 373, 382, 35 S.Ct. 342, 344, 59 L.Ed. 628; People of State of New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 49 S.Ct. 61, 73 L.Ed. 184. "A legislature may hit at an abuse which it has found, even though it has failed to strike at another." United States v. Carolene Products Co., 304 U.S. 144(9), 58 S.Ct. 778, 783, 82 L.Ed. 1234; Silver v. Silver, supra.

Second and Fourth Assignments
of Error.
First Second and Third
Cross Assignments.

The same discussion made by us in respect to the first assignment is here applicable, except that as to the second and fourth assignments, the duty is upon the tourist court manager to keep his register available for inspection by the police on duty for two years after making each entry. So that it must be kept for two years after the last entry. The State law does not fix such a time, but provides that the register shall be open for inspection by the county officers named.

The trial court in this case enjoined the requirement that the register shall at all times be kept in the main or central entrance or office (first cross assignment) and also that it must be signed at said main or central office (second cross assignment), and that it shall be unlawful for a guest to occupy a room until the required entries are made in the register at the main or central office (third cross assignment).

■ In considering the assignments and cross assignments, we must bear in mind that the ruling was on application for temporary injunction heard on the bill, to which there was a demurrer but no answer and no other proof by either party. The injunction in part granted and in part denied is only applicable until the final hearing on a full consideration. In passing on such a situation, originally and on review by this Court, the relative convenience and damage to the parties and the public resulting from denying a part and granting a part of the injunction as sought are material factors. The requirement that a register shall be kept and a directive as to what shall be entered on it and that it shall be open for inspection to police officers of the city on duty is not necessarily unreasonable or oppressive to the manager of the tourist

court, but it was thought by the city authorities and the legislature to be an important regulation in the public interest. In this we concur, unless on final hearing the proof shows to the contrary. But whether it must be kept for two years after the last entry in it, or whether those entries must be made at the main entrance or office, we think present questions not necessary for immediate decision, and that an injunction of such requirement operative until there is a final hearing does not constitute a clear and present hazard to the public welfare. We think therefore that there was no reversible error manifested by the second and fourth assignments of error, nor by the first, second or third cross assignments.

### Third Assignment of Error. Fifth Cross Assignment.

This feature of the ordinance makes it unlawful for the occupants of a room in a tourist court to have sexual intercourse there except between lawfully wedded man and wife, and in the cross assignment it appears that the court enjoined that feature which prohibits the use of a room by members of the opposite sex, except when they are lawfully wedded or with a minor child of the occupant. .

Appellant complains that the ordinance as well as the statute, section 330 [103], Title 62, Pocket Part, Code, makes it unlawful to have sexual intercourse on only one occasion which is not otherwise a violation of the law and contends that this cannot be done, and, if so, it would be discriminatory to make the prohibition apply only to tourist courts.

Cross appellant contends that the prohibition against such an occurrence is a measure reasonably adapted to the prevention of widespread immorality.

While our statute prohibiting adultery or fornication applies only when there is a living together, so that a single act alone is not thus prohibited, section 16, Title 14, Code, there is no constitutional reason why the law might not prohibit and make it a crime to have one such act alone, not in lawful wedlock. 1 Am.Jur. 684, section 5; 2 Corpus Juris Secundum, Adultery, § 3, p. 474, notes 29 to 32; 74 A.L.R. 1362; State v. Brooks, 215 Wis. 134, 254 N.W. 374, 94 A.L.R. 401.

We do not think we are in position to say that making such a prohibition as to the use of a tourist court and not as to a hotel or any other place is an unconstitutional discrimination. The requirement may be such as to meet a situation which has been found to be more conducive to immorality than exists in other places. We cannot say that this is not a reasonable classification on the basis of the principles which we have discussed.

It may be that the trial court had in mind some situation which does not for the moment appear important to us in granting the injunction as indicated by the fifth cross assignment. But we prefer to leave that matter open for determination on final hearing. In the meantime, we think the public will not be materially prejudiced by the operation of that feature of the injunction.

We think the same comment is applicable to the injunction granted as complained of in cross assignments numbered six and seven. The eighth cross assignment needs no special comment. We prefer to leave the matter of the temporary injunction where the trial court placed it.

Affirmed.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.