183 So.2d 790

**BEAR BROTHERS, INC., et al.,**

v.

**Seymore TRAMMELL, as Director, et al.**

**3 Div. 179.**

Supreme Court of Alabama.

March 3, 1966.

M. R. Nachman, Jr., and Steiner, Crum & Baker, Montgomery, for appellants.

Goodwyn & Smith, Montgomery, for appellees.

**LAWSON, Justice.**

This is an appeal from a decree of the Circuit Court of Montgomery County, in Equity, discharging a temporary injunction.

A bill seeking injunctive relief, temporary and permanent, was filed by Bear Brothers, Inc., a corporation, and other duly licensed general contractors residing in this state against Seymore Trammell, as Director of Finance of the State of Alabama; the Alabama Building Commission and its members; Hugh D. Adams as Director of the Alabama Building Commission; and members of an architectural firm which had drawn up plans and specifications for material and labor required for the construction of new buildings and for an addition to an existing building at the Alabama Industrial School for Negro Children at Mount Meigs.

The purpose of the bill filed by conplainants is to have the court restrain the respondents from taking any action in connection with the opening of bids and the awarding, letting and execution of a certain proposed public works contract.

The complainants brought this action as interested citizens under the provisions of

§ 3 of Act 868, approved September 8, 1961, Acts of Alabama 1961, p. 1361, which section reads:

"The attorney general or any interested citizen may maintain an action to enjoin the letting or execution of any public works contract in violation of or contrary to the provisions of the aforesaid statutes [Code of Alabama 1940, Title 50, as heretofore or hereafter amended or supplemented, or of Act No. 492, Regular Session 1947, General Acts 1947, p. 338, as heretofore or hereafter amended or supplemented] and may enjoin payment of any public funds under any such contract."

The right of complainants to maintain such an action against the proper parties is not here questioned.

Upon presentation of the bill to a judge of the Circuit Court of Montgomery County, in Equity, the issuance of a temporary injunction was ordered upon complainants entering into a good and sufficient bond in the sum of $2,000. The bond was executed and thereupon a temporary injunction was issued.

■ The respondents filed a motion to "discharge and dissolve" containing ten grounds. We have said that such is permissible, although it is the better practice to file two separate motions to save the court from having to determine which of the grounds go to the discharge of the injunction and which seek its dissolution. Pennington v. Birmingham Baseball Club, Inc., 277 Ala. 336, 170 So.2d 410.

The trial court on February 17, 1965, rendered a decree discharging the injunction. The court held that ground 4 of the motion to "discharge and dissolve" was well taken. That ground reads: "The Alabama Industrial School for Negro Children and its individual Board of Trustees are necessary and indispensable parties to this action." No other ground of the motion to "discharge and dissolve" was treated in the decree of February 17, 1965, and that decree

contains the following language: "CONSIDERED, ORDERED, ADJUDGED and DECREED and the Court expressly reserves ruling on the equity on [sic] the Bill until all necessary parties to this action are properly before the Court."

The complainants appealed to this court on February 19, 1965. The temporary injunction was reinstated pending the appeal. The cause was submitted to this court on brief and argument on December 13, 1965.

■ Appellants, complainants below, earnestly insist that we pass on the equity of the bill, although the trial court expressly refrained from doing so. Appellees take a contrary position. We agree with appellees and will consider on this appeal only the question as to whether the trial court erred in discharging the injunction on the ground that the Alabama Industrial School for Negro Children and the individuals composing its Board of Trustees are necessary and indispensable parties to this action.

For the purpose of this appeal, but for that purpose only, we will consider that the absence of necessary parties complainant is a proper ground for the discharge of a temporary injunction rather than for its dissolution. The trial court was apparently of that opinion and neither party to this appeal contends otherwise.

Paragraph 2 of the stating part of the bill reads:

"Respondents have heretofore issued an invitation to bid and have caused drawings and specifications to be prepared for materials and labor required for constructing a boy's dormitory, a classroom building and gymnasium, and an addition to girl's dormitory for the Alabama Industrial School, Mt. Meigs, Alabama. The Alabama Building Commission has included in such invitation and specification, * * * under the caption 'WAGE RATES' specifications which impose as a prerequisite for the subsequent performance of the work under the contract documents certain

specified minimum hourly rates of wages required to be paid to the various laborers and mechanics employed directly upon the job situs. This specification of wage rates, the invitation to bid, and the front page of said specifications are attached hereto and made a part hereof as Exhibit 1."

Exhibit 1 to the bill contains the following provisions under the heading "WAGE RATES":

"LABOR STANDARDS

"1. (a) The schedule contained in the Wage Determination decision of the State of Alabama Department of Labor which is incorporated at the end of this section of the specification furnishes the minimum hourly rates of wages required to be paid to the various laborers and mechanics employed directly upon the site of the work embraced by this specification, these rates having been determined by the State of Alabama Department of Labor to be the prevailing local wage rates for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work.

"(b) No classifications of laborers or mechanics may be employed except those designated in the schedule above mentioned."

The bill alleges that the attempt by respondents to require that bidders upon "this public works contract and project" adhere to a specified rate schedule is without legislative authority and violative of certain statutory and constitutional provisions.

Aside from the prayer for process the bill prays:

"Complainants further pray that this Court issue a temporary injunction or restraining order immediately under such provisions as this Court may direct, restraining respondents from taking any action in connection with the proposed opening of bids and awarding, letting or executing any public works contract pursuant to the specifications and invitations to bid described in the foregoing complaint pending the final determination of this cause; and complainants further pray that after hearing, this Court will issue a permanent injunction restraining said respondents from taking any such action. Complainants further pray for such other, further and different relief as this Court may deem proper in the premises."

■ The rule is that all persons having a material interest in the litigation, or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby, are necessary parties. The foregoing language is lifted from Quinlivan v. Quinlivan, 269 Ala. 642, 114 So.2d 838. To like effect see Leigeber v. Scott, 263 Ala. 507, 83 So.2d 246; Insurance Company of North America v. Davis, 274 Ala. 541, 140 So.2d 192; Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324; Methvin et al. v. Haynes, 254 Ala. 58, 46 So.2d 815; Courington v. Kilgore, 264 Ala. 23, 84 So.2d 646; Turnipseed v. Blan, 226 Ala. 549, 148 So. 116.

But the question is, do the trustees of the Alabama Industrial School for Negro Children, which is located at Mount Meigs, Montgomery County, Alabama, have such a legal or beneficial interest in the subject matter of this litigation as to make applicable the rule of the cases last cited above?

■ We take judicial notice of the public laws or statutes of this state. Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814; State ex rel. Edmunds v. Moses et al., 231 Ala. 215, 164 So. 562; New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25, rev. on other grounds, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686.

The act creating the Alabama Industrial School for Negro Children (Act 522, ap-

proved September 30, 1947, General Acts 1947, p. 373; 1958 Recompiled Code, Title 52, § 613[1]–613[15]), provides that it "shall be governed and controlled by a board of trustees composed of the Governor, the State Superintendent of Education, the Commissioner of Public Welfare, the State Health Officer, and seven other trustees, who are interested in the proper education and training of delinquent negro children." The duties of the board of trustees are spelled out in Act 522, supra. As far as we can determine Act 522, supra, does not confer upon the board of trustees any duties relative to the construction of new buildings to be used by the school or relative to the additions to be made to existing buildings. There was no effort on the part of the legislature to vest title to the school property in the board of trustees.

■ All of its property, under the decisions of this court, is owned by the State, not by the school or its board of trustees. The board of trustees are mere agents of the State. Cox v. Board of Trustees of University of Alabama, supra; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Alabama Girls' Industrial School v. Adler, 144 Ala. 555, 42 So. 116, 113 Am.St.Rep. 58.

The record before us does not show that the school was named in the specifications as the owner of the property to be constructed or improved, but apparently it did so appear in the proceedings before the trial court, as it is so stated in the decree and it is so stated in brief filed on behalf of appellees and tacitly admitted in brief filed by appellants. But one who draws specifications (Exhibit 1 to the bill), whether he be an employee of the state or one who has contracted to perform services for the state, cannot change ownership of property from the state to one of its agencies.

This suit, as we view it, is simply one to determine whether certain state officials, who have certain statutory duties relating to the award and execution of contracts for construction of public works projects, have performed and propose to perform those duties in violation of the organic and statutory laws of this state.

■■ The trustees of the Alabama Industrial School for Negro Children, as far as we can determine, have nothing to do with the award and execution of building contracts for construction of public works projects on the school property and, in our opinion, are not necessary parties to the litigation. The school will, of course, be benefitted by the contemplated construction, but that fact alone does not make the trustees necessary parties. Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.