210 So.2d 821

**Lester THAGARD, Jr., et al., as Members of the Alabama State Board of Pharmacy et al.**

v.

**David D. BROCK et al.**

1 Div. 263.

Supreme Court of Alabama.

April 11, 1968.

Rehearing Denied May 23, 1968.

Mylan R. Engel, Mobile, for appellees.

Tyson, Marr & Friedlander, Mobile, and MacDonald Gallion, Atty. Gen., for appellants.

**264**

COLEMAN, Justice.

Respondents appeal from two orders of the circuit court, in equity, rendered November 18, 1964.

One order denied respondents' motion to discharge, and the other order denied respondents' motion to dissolve, a temporary injunction. The injunction had been issued pursuant to fiat or direction of the circuit judge endorsed upon complainants' bill of complaint and signed by the judge. §§ 1038, 1039, of Title 7. There had been no prior hearing as is authorized by § 1054, Title 7.

The ten complainants are residents of Mobile County. They aver that they are engaged in compounding and dispensing drugs and medicines, otherwise referred to as the practice of pharmacy; they have been so engaged for a minimum of sixteen years and a maximum of forty years; they are not registered pharmacists but have been permitted to practice pharmacy without interference by the State Board of Pharmacy until the present time and with full knowledge and acquiescence of the Board; and they bring this suit as a class action in behalf of all others similarly situated.

Complainants further aver that five respondents are members of and constitute the Alabama State Board of Pharmacy; that the other two respondents are an inspector and the secretary, respectively, of the Board; that the practice of pharmacy is governed by §§ 214–257, Title 46; that § 234 provides, inter alia, who may practice pharmacy and permits the practice by persons other than registered pharmacists where a registered pharmacist is on duty during business hours except for temporary absences. Rules 3 of the Board defines temporary absences. The definition is set out in the bill of complaint.

Complainants further aver that they have performed the duties of pharmacists under registered pharmacists and also independent of such for many years as aforesaid and are now so engaged, all with full knowledge and tacit approval and acquiescence of the Board until recently; that a shortage of registered pharmacists has existed for many years and still exists in Alabama; that of 100 pharmacies in the City of Mobile, 67 of them, including one owned by a member of the Board, have employed non-registered pharmacists to dispense drugs and medicines without supervision; and that to no longer permit complainants and other non-registered pharmacists to practice pharmacy would result in irreparable injury to complainants.

Complainants aver that the Board, acting through the respondent inspector and the respondent secretary, have initiated steps to deprive complainants of their livelihood by charging pharmacies which employ several of complainants with violating § 234, of Title 46, and citing the owners of such pharmacies to appear before the Board and show cause.

Complainants aver that the provisions of § 234 of Title 46 and Rule 3 have never at any time been enforced by the Board; that, through non-enforcement for more than thirty years, the Board has acquiesced in non-compliance and is estopped from enforcing the provisions thereof; that, if said Board is permitted to enforce these provisions as is anticipated, complainants will be deprived of their livelihood.

Complainants aver that the Board intends to proceed with the show cause hearings on September 21, 1964, at which complainants will have no right to be heard, but at which rulings will be made damaging complainants' rights, and that if the

Board is allowed to proceed complainants will suffer irreparable injury.

Complainants aver that they have no adequate remedy at law and they offer to do equity.

Complainants pray for temporary and permanent injunctions enjoining respondents from conducting any hearings, which directly or indirectly affect the rights of complainants, and from issuing any citation or order to their employers until such time as a full hearing may be had as to their rights to continue to practice pharmacy in the light of § 234, Title 46, and Rule 3.

The temporary injunction enjoined respondents from conducting the hearings, or issuing citations or orders, until further orders of the court.

Respondents filed the motions to dissolve and discharge and the same were set for hearing on September 28, 1964, on which day an order of submission was made which recites that the cause being set for hearing on that day and "* * * coming on to be heard, is submitted for decree on the motion to discharge * * * upon motion to dissolve the injunction * * * and, upon the demurrer * * *."

The orders denying the motions to discharge and dissolve are dated November 18, 1964. Respondents appealed from both orders.

■ Respondents have assigned fifteen errors. Assignments 1, 3, 6, 8, 11, and 13 are not argued in brief and, therefore, are waived.

■ Assignment 2 recites:

"2. For that the decree of the Court was contrary to the law in the case."

Assignments 7 and 12 are to like effect. Such an assignment of error raises nothing for review. Baldwin Alabama Truck Farms Co. v. Strode, 184 Ala. 213, 63 So.

521; Andrews v. May, 277 Ala. 248, 168 So.2d 619.

■ In Assignments 9 and 10, respondents undertake to assert that the court erred in denying the motion to discharge the injunction. If the injunction has been irregularly granted, or if the order for it is erroneous, the remedy is not by a motion to dissolve. Such a motion, founded, as it can be only, on a want of equity in the bill, or the full and complete denial of its equity by the answer, is a waiver of the irregularity, if any has occurred, in the grant of the writ. The irregularity is a ground for motion to discharge, not for an application to dissolve the injunction. The one is directed against the mode of granting or issuing the writ, and the other against the case made by the bill, or the sufficiency of the answer to overcome it. Woodward v. State, 173 Ala. 7, 55 So. 506. See also: Patton v. Robison, 253 Ala. 248, 250, 44 So.2d 254. The brief of respondents does not point out any irregularity or error in the mode of granting or issuing the writ and, therefore error in denying the motion to discharge is not shown. Assignments 9 and 10 are without merit.

■■ In Assignments 4 and 5, respondents complain that "* * * the decree of the Court granted relief to Complainants to which they were not entitled," and "* * * that the decree * * * enjoined Respondents from doing acts which they have a right to do." (Emphasis Supplied) As already stated, the court rendered two decrees or orders and respondents appealed from both orders. Assignments 4 and 5 do not specify which order is referred to in the assignment. Where there are several rulings to any one of which the language of the assignment might equally apply, the assignment manifestly fails to designate the precise error to be reviewed. If the assignment is uncertain and indefinite as to the particular error complained of, this court will decline to

consider it. Beasley-Bennett Electric Co. v. Gulf Coast Chapter, 273 Ala. 32, 35, 36, 134 So.2d 427. Assignments 4 and 5 apply equally to both decrees but do not show the particular error complained of and, therefore, will not be considered.

Assignments 14 and 15 remain. In them, respondents undertake to assert that the court erred in denying the motion to dissolve.

During the same week when the instant appeal was argued before this court, Gibbs v. Cochran, 281 Ala. 22, 198 So.2d 607, was also argued and submitted. Counsel for appellants and counsel for appellees are the same in both cases. Both appeals come from the same court. The decree appealed from in Gibbs v. Cochran is dated September 2, 1964, and the two decrees in the instant case are dated November 18, 1964. The same judge rendered all three decrees.

The parties in both cases are not identical, but the three respondents in Gibbs v. Cochran are included among the seven respondents in the instant case and the four additional respondents in the instant case are four additional members of the Board. The seven complainants in Gibbs v. Cochran are also complainants in the instant case and the three additional complainants in the instant case are situated the same as the other seven with respect to the matter in controversy.

In Gibbs v. Cochran, complainants sought a declaratory decree to effect that Rule 23 adopted by the Board was unconstitutional. The trial court so declared and we affirmed. We know judicially from our own records and argument of counsel that both cases arose out of a controversy between the Board and unregistered persons engaged in dispensing drugs, and over the right of such persons to do so. We also take judicial knowledge of the public laws or statutes of this state. Bear Brothers, Inc. v. Trammell, 279 Ala. 194, 183

So.2d 790. In brief on application for rehearing in Gibbs v. Cochran, supra, respondents state:

"Rule 23 as adopted by the Alabama State Board of Pharmacy, whatever may have been its validity at that time, is a valid exercise of the power delegated to it by Act No. 205 of the 1966 Special Session of the Legislature * * *."

The brief concludes:

"It is clear from the above that Rule 23 is now a valid rule of the * * * Board * * *, and they should be allowed to enforce the same, but whether valid or not, the injunction heretofore issued by the trial court should now be dissolved because of the change in the Statute."

In Gibbs v. Cochran, the fifth assignment of error undertakes to assert that the court erred in enjoining respondents, but the opinion points out that this assignment was not argued in that case and no injunction was issued in that case.

The matters of record and argument of counsel, of which we take judicial notice, make it appear that the injunction in the instant case was issued to preserve the status quo pending final determination of the controversy between the parties to these suits.

In their brief, respondents have arranged their argument in ten sections, each section being headed by a Proposition of Law, with the numbers of several assignments appearing under each proposition. Assignments 14 and 15 are noted under Propositions I through IV, VIII, IX, and X. As we understand the argument, respondents undertake to assert two reasons why complainants do not show that they are entitled to relief, and, therefore, that the court erred in denying the motion to dissolve.

1. The thrust of respondents' argument under Propositions I through IV, VIII,

and X seems to be that the court was in error in refusing to dissolve the temporary injunction because complainants averred that they had been engaged in practicing pharmacy under the supervision of registered pharmacists and "also independent of such." Respondents say that, when complainants alleged that they had practiced pharmacy independent of the supervision of registered pharmacists, complainants were in admitted violation of the law, and could gain no right to so practice by estoppel or waiver which might result from the acquiescence of respondents. Respondents say also that complainants, being in admitted violation of the law, do not come into equity with clean hands and, for that reason, are not entitled to relief.

We agree that complainants could not gain a right to violate the law by estoppel or waiver and that a party who has violated the law does not come with clean hands.

Complainants allege also, however, that they are engaged in practicing pharmacy under registered pharmacists. In Gibbs v. Cochran, supra, this court decided that under the provisions of § 234, Title 46, Code 1940, persons covered by Rule 23; that is, so-called non-registered pharmacists; are permitted to sell, compound, and dispense drugs and medicine when in the active, personal charge of a registered pharmacist. The averments of the instant bill show that complainants are in the category of such persons and had a lawful right under the statute to dispense drugs and medicine under such supervision of a registered pharmacist. The temporary injunction protected complainants in the exercise of that right pending further orders of the court.

While the temporary injunction may have afforded protection of complainants also in doing that which they had no right to do, we do not think the court was bound, for that reason, to deny protection to an activity or employment which was lawful and in which complainants had a right to engage. This court has said:

"The 'clean hand' principle has been given frequent application as disclosed by the numerous cases found cited in the note to 30 C.J.S., Equity, § 94, beginning on page 477. And in some of our own cases we have dealt extensively with this principle. Harton v. Little, 188 Ala. 640, 65 So. 951; Baird v. Howison, 154 Ala. 359, 45 So. 668; Anders v. Sandlin, 191 Ala. 158, 67 So. 684. The authorities disclose that the maxim refers to willful misconduct rather than merely negligent misconduct and must be morally reprehensible as to known facts. Furthermore, equity will consider the conduct of the adversary, the requirements of public policy and the relation of the misconduct to the subject matter of the suit and to defendant. 30 C.J.S., Equity, § 98. * * *" Weaver v. Pool, 249 Ala. 644, 648, 32 So.2d 765, 768.

On motion to dissolve a temporary injunction, consideration should be given to the effect upon the respective parties of a continuance or dissolution of the injunction. Brown v. Bell, 206 Ala. 182, 183, 89 So. 659; Allinder v. City of Homewood, 254 Ala. 525, 532, 49 So.2d 108, 22 A.L.R. 2d 763.

Upon the hearing of a motion to dissolve, the question of continuing the injunction is largely discretionary with the court, notwithstanding the denials filed by the respondent. Cochran v. State, 270 Ala. 440, 119 So.2d 339, 91 A.L.R.2d 1340.

Under the allegations of the bill, continuance of the injunction to preserve the status quo pending final determination of the controversy would work no great injury to the public interest, while dissolution would work substantial injury to complainants.

We hold that, under all the circumstances. the trial court did not abuse its discretion in refusing to dissolve the temporary

injunction pendente lite on the ground that complainants did not come into equity with clean hands.

2. Respondents say complainants had an adequate remedy at law by appeal under § 251, Title 46, Code 1940. According to its title, and elliptical last sentence, § 251 appears intended to authorize a suspended registered pharmacist to appeal to a court of record from a decision of the Board revoking his license after notice and hearing. According to the averments of the bill, however, complainants are not parties to the proceedings initiated by respondents against complainants' employers, and, under the general rule, complainants have no standing to appeal from the decision in such proceedings. Ordinarily, one who is not a party to the cause cannot appeal. Adams v. Robinson, Minor 285; Security Life & Accident Ins. Co. v. Crescent, 273 Ala. 624, 143 So.2d 441. We do not think complainants have an adequate remedy at law under § 251, Title 46.

Since reversible error has not been shown, the decrees appealed from are affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

In brief filed in support of application for rehearing, respondents ask that we modify the temporary injunction or clarify the opinion so that respondents may now proceed to perform their duty under the statutes regulating the practice of pharmacy.

Respondents appear to entertain the view that, because we affirm the orders denying dissolution or discharge of the temporary injunction, the circuit court is without power to modify or vacate the temporary injunction so as to take into account Act No. 205, approved August 26, 1966; Special Session 1966, page 231.

The appeal was from two orders denying motions to dissolve and discharge the temporary injunction. The prayer of the bill is for "a writ of injunction, temporary and permanent." This court did not have before it the matter of the permanent injunction.

Under the usual order of procedure, the case is now ready for decision by the trial court on the prayer for permanent injunction. We are not advised of any reason why the trial court cannot proceed to a full hearing, determine the respective rights of the parties, and do complete equity to all of them under the statutes which now control their rights.

Opinion extended

Application overruled.

LIVINGSTON, C. J., and LAWSON and KOHN, JJ., concur.