229 So.2d 503

**UNION SPRINGS TELEPHONE COMPANY, Inc., a Corporation**

**v.**

**Comer GREEN, d/b/a South Alabama Construction Company.**

**4 Div. 368.**

Supreme Court of Alabama.

Dec. 11, 1969.

Theodore H. Hoffman, Union Springs, for appellant.

Lynn W. Jinks, Jr., Union Springs, for appellee.

MERRILL, Justice.

This is an appeal from an order of the trial court dissolving a temporary injunction after a hearing.

Appellant filed its bill of injunction on February 25, 1969, presented it to the court, and the temporary injunction was issued immediately, upon appellant making bond, and was served that same day.

Appellee filed a so-called motion to dissolve on March 24, 1969, and the hearing on the motion was set for April 2. At the conclusion of the hearing on that day, the trial court ordered the dissolution of the injunction.

The bill alleged that the appellant operates a public telephone system as a public utility both within the City of Union Springs and the territory surrounding the city in Bullock County; and that the appellant operates a telephone line or system

by means of both underground telephone cable and overhead telephone wires and equipment mounted on utility poles.

The bill further alleged that the appellee was engaged in road construction work within easements owned by it and that appellee had dug into the ground severing and destroying appellant's underground cable system within the easements. It is further alleged that the appellee had removed and otherwise destroyed the appellant's guy wires supporting its utility poles with telephone lines mounted thereon. It is alleged that the actions of the appellee vitiated telephone service to the appellant's customers in the area surrounding the construction work and in Midway, Alabama, and that the appellant has a duty as a public utility to provide telephone service to such customers. It is also alleged that the appellee continued to work within the easements concerned.

It was stipulated by the parties to this appeal that the telephone company right-of-way easements are the property of the appellant and that such easements describe the premises which are the basis of the bill for injunction. It was further admitted by the appellee that the conduct complained of in the bill occurred on a project which was the subject of said injunction proceeding. There is no evidence to show that the easements concerned were condemned or that the appellant did not have a full property interest in said easements.

Appellee introduced into evidence, by stipulation, a contract between appellant and Bullock County, dated November 8, 1968, in which appellant agreed to relocate its lines and facilities located on the premises "so as to occasion the least possible interference with the progress of the project." On December 20, the county engineer wrote appellant that clearance on the project had been acquired and asked appellant to "proceed immediately with the adjustment of your conflicting plant." On February 17, 1969, appellee entered into a contract with the State Highway Department for certain construction work on the premises, which work was to be completed in 150 working days.

The work was on a culvert where there was a condemned bridge on the only access road from Highway 82 to the community of Peachburg.

Appellant argues that the bill for injunction "states an equitable cause of action in that injury was done to appellant's property by the appellee"; that the evidence "supports the averments of the bill" and under "the procedure for hearing a motion to dissolve established by the case of Martin's Grill Meats, Inc. v. Retail, Wh. & Dept. St. U., 283 Ala. 584, 219 So.2d 634," the motion to dissolve should have been denied, and the trial court erred in failing to deny the motion.

Appellant quotes in brief from a paragraph in the *Martin* opinion, but does not quote the last two sentences of the paragraph. We set out the entire paragraph:

"If the averments of the bill are not sufficient to give it equity, then the injunction ought to be dissolved. If, however, the bill does contain equity, then the court comes to the second question and must decide whether the proof sustains the averments which give equity to the bill. It appears from the instant decree that the court held the bill to be without equity and did not reach the second question. If the proof sustains the averments of the bill, then the motion to dissolve ought to be denied. If the proof does not sustain the averments, then the motion to dissolve ought to be granted. We do not here consider the discretionary power which the court has in deciding whether the injunction should be continued or dissolved. Cochran v. State ex rel. Gallion, 270 Ala. 440, 445, 119 So.2d 339, 91 A.L.R.2d 1340."

In *Martin,* the only question was whether the bill contained equity, and

this court held that it did. But we do not think *Martin* is apt authority here.

We think the confusion in this case results in the misnomer applied by the appellee to its document which was entitled "Motion To Dissolve." After moving the court "to dissolve the injunction" the respondent submits: "The allegations of the bill are untrue, and Respondent demands strict proof thereof."

The new matter of the contract for the road construction is then averred, an agreement whereby appellant was to receive $2,398.49 from the county for its direct and indirect costs in relocating its facilities, that appellant had promised to remove its line but had not, that appellee was being held up from starting its work on the contract with the State Highway Department, that appellant had been notified to remove its lines and that appellant had not done equity. The document contained a prayer that the temporary injunction be dissolved, "and for such other and further relief to which it in equity and good conscience may be entitled." It also demanded a trial by jury on the issue of monetary damages sought by appellant.

■ There is no statement in the so-called "Motion To Dissolve" which could be construed to test the equity of the bill. All of the averments are denials, or matters of defense and the document is sworn to by the owner of the construction company. We must construe the "Motion To Dissolve" as a sworn answer. The rule is that the character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title. State v. Pettis, 275 Ala. 450, 156 So.2d 137; Simmons v. Holliday, 226 Ala. 630, 148 So. 327.

We are not alone in such construction. The parties and the trial court also treated the hearing as one on the merits. Each side called three witnesses and the matters raised both in the bill and the sworn answer were examined and some of the new matters raised in the answer were, as already pointed out, agreed to by stipulation. All went into the merits of the case and the hearing was not confined to the question of law—whether the bill contained equity—as is the first question when a hearing is had on a motion to dissolve.

■ Parties are restricted on appeal to the theory on which the case is prosecuted or defended in the court below, and where both parties act upon a particular theory of the cause of action, or agree as to the question to be decided, they will not be permitted to depart therefrom when the case is presented for appellate review. Mason v. State Farm Mutual Automobile Ins. Co., 281 Ala. 688, 208 So.2d 63; City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217, 2 Ala.Dig., Appeal & Error, ⬅171(1).

■ The hearing was in fact on the sworn answer and the parties and the court treated the hearing as one on the merits; therefore, we treat it as such and not merely a hearing on a motion to dissolve.

■ As a general rule an injunction, whether temporary or permanent, cannot be sought as a matter of right. The power to grant or refuse it rests in the sound discretion of the court under the facts of the particular case. Odess v. Taylor, 282 Ala. 389, 211 So.2d 805; Logan v. Davidson, 282 Ala. 327, 211 So.2d 461.

■ When considering the dissolution of a temporary injunction on a bill, answer and supporting affidavits or testimony ore tenus, the court is vested with wide discretion, and will weigh the relative degrees of injury and benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand, or its dissolution on the other. Parker v. EBSCO Industries, Inc., 282 Ala.

**118**

98, 209 So.2d 383; Thagard v. Brock, 282 Ala. 262, 210 So.2d 821; State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444.

Here, we are convinced that the trial court in weighing the damage and inconvenience to appellant, and the fact that service could be restored temporarily by the running of a line at a cost of $300.00, against the holding up of road project and the nonuser of a bridge and road to a community and the stoppage of the entire bridge project, exercised sound judicial discretion in refusing to continue the injunction in force after hearing the cause on its merits.

We have held that upon the hearing of a motion to dissolve, the question of continuing the injunction is largely discretionary with the court, notwithstanding denials filed by the respondent. Thagard v. Brock, 282 Ala. 262, 210 So. 2d 821; Cochran v. State ex rel. Gallion, 270 Ala. 440, 119 So.2d 339, 91 A.L.R.2d 1340. We cite this principle in connection with appellant's contention noted earlier in the opinion.

Title 7, § 1061, Code 1940, clearly states that independent defensive matter may be presented on a hearing to dissolve. It provides:

"Upon the hearing of motion to dissolve an injunction, the court may consider the sworn bill and answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, and also such affidavits as any party may introduce."

It should be noted that there was no hearing in Martin's Grill Meats, Inc. v. Retail, Wholesale & Department Store Union Local #506, 283 Ala. 584, 219 So. 2d 634, the authority relied upon by appellant.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.