HOLMES, Judge.
This is a workmen’s compensation case.
The employee sustained injuries in the course of his employment on March 9, 1984. He filed his complaint seeking workmen’s compensation benefits on March 11, 1985. The trial court granted the employer’s motion for summary judgment on the ground that the employee’s complaint was not filed within the one-year limitations period for workmen’s compensation claims.
The employee appeals. We reverse and remand.
Under Ala. Code (1975), § 25-5-80, workmen’s compensation claims are “forever barred ... unless within one year after the accident one of the parties shall have filed a verified complaint....”
March 9, 1985, one calendar year from the date of injury, was a Saturday. The employee contends that he was unable to file his complaint on that day because the circuit clerk’s office was closed. He thus filed his complaint on the next business day, Monday, March 11,1985. The employee contends that his Monday filing was permitted by Ala.Code (1975), § 1-1-4.
Section 1-1-4 provides in pertinent part:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday ..., or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”
The appellate courts of this state have already held that this statutory method for computing time applies to a number of statutory periods for filing pleadings or other documents.
In Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 341, 118 So.2d 914, 918 (1960), the Alabama Supreme Court relied upon the predecessor to § 1-1-4 in holding that, where the last day of the thirty-day period for filing a motion for new trial fell on Saturday and the office of the clerk was closed that day, the motion “was filed within due time when it was filed the following Monday_”
More recently, this court has held that § 1-1-4 applies to and must be read in pari materia with the ten-day statute of limitations for filing a complaint in the circuit court claiming unemployment compensation benefits. Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982). Thus, where the last day of the ten-day period fell on a legal holiday, the claimant was allowed to file her complaint the next day.
We find that § 1-1-4 is equally applicable to the one-year statute of limitations for filing a workmen’s compensation complaint in the circuit court. Under the method for computing time set forth in § 1-1-4, the one-year period was extended to Monday, March 11, 1985, because Satur *289 day, March 9, 1985, was “a day on which the office in which the act must be done” (the filing of the complaint) was closed, and March 11, 1985, was the “next succeeding secular or working day.” See § 1-1-4.
While there was apparently no evidence before the trial court to establish that the circuit clerk’s office was closed on Saturday, March 9, 1985, this court will take judicial knowledge of the fact that in this state county courthouses and the clerks’ offices therein are generally closed on Saturdays. See Vulcan Materials Co. v. Belcher, 49 Ala.App. 61, 268 So.2d 843 (Ala.Civ.App.1972).
We would note, moreover, that Rule 77(c), Alabama Rules of Civil Procedure, and Rule 5, Rules of Judicial Administration, specifically except Saturdays (as well as Sundays and legal holidays) from the time during which the circuit clerk’s office must be open. See also Rule 6(a), A.R. Civ.P.
The employer contends that the employee is estopped from relying upon § 1-1-4 to extend the period of time during which he could file his workmen’s compensation complaint because he failed to rely on the statute in the trial-court. We disagree.
Regardless of whether or not the employee pleaded § 1-1-4 in the trial court, that court was authorized to judicially notice the existence and effect of § 1-1-4 as a public law or statute of this state, as is this court on appeal. Bear Brothers, Inc. v. Trammell, 279 Ala. 194, 183 So.2d 790 (1966); Mobile City Lines, Inc. v. Orr, 253 Ala. 528, 45 So.2d 766 (1950).
We note, however, that it appears to this court that the issue of the effect of § 1-1-4 on the one-year statute of limitations was before the trial court because, in its order granting the employer’s motion for summary judgment, the learned trial judge specifically discussed § 1-1-4.
The employee also contends that the one-year limitations period was governed by Rule 6(a), A.R.Civ.P., which specifically extends the period for filing where the last day of the period falls on a Saturday.
The employer argues that Rule 6(a) does not apply because the limitations period of Ala.Code (1975), § 25-5-80, is a substantive time limitation, the observance of which is necessary to invoke the jurisdiction of the court. See Morgan v. Rheem Manufacturing Co., 395 So.2d 1030 (Ala.Civ.App.1981); Mitchell v. State, 351 So.2d 599 (Ala.Civ.App.1977).
While we would tend to agree with the employer, we do not reach this issue because it is not necessary to do so. Regardless of whether Rule 6(a) applies, the one-year statute of limitations of § 25-5-80 is subject to and should be read in pari mate-ria with the statutory method for computing time set forth in § 1-1-4.
In failing to apply § 1-1-4 to extend the employee’s time for filing his complaint from Saturday, March 9, 1985, to Monday, March 11, 1985, the learned trial judge erred to reversal.
This case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.