C. L. MAIER COMPANY ET, PLAINTIFFS, *v.* CANTON (CITY), DEFENDANT.

Common Pleas Court, Stark County.

No. 106593.    Decided June 30, 1964.

*Messrs. Contie & Contie,* and *Mr. Leroy J. Contie, Jr.,* for plaintiffs.

*Mr. Harold E. DeHoff,* city solicitor, and *Mr. James R. Brandon,* assistant city solicitor, for defendant.

WEBER, J.    Plaintiffs bring this action for a declaratory judgment.

Petition alleges that plaintiffs are owners of hotels and

motels and maintain them in the City of Canton; that on June 19, 1961, the Council of the City of Canton adopted Ordinance No. 112/61; that said Ordinance subjects plaintiffs to obtain a license from the City; that Section 3731.03, Revised Code, requires hotel owners and operators to obtain a license from the State.

Plaintiffs request a declaration of rights and determination whether or not Ordinance No. 112-61 is in conflict with Sections 3731.01 to .21, Revised Code, and the general law of Ohio.

Defendant's answer admits all of the allegations of the petition including the Code sections and prays that the Court determine that said Ordinance is a good and valid Ordinance.

### State Statutes.

Section 3731.03, Revised Code, requires every person in the business of conducting a hotel to procure an annual license; provides for transfer of license; places restrictions on the issuing of a license; recites that said sections shall not apply to family hotels, apartment houses, lodging houses, rooming houses, etc.

Section 3731.04, Revised Code, sets forth the amount of annual fees according to the number of sleeping rooms.

Sections 3731.05 to .21, Revised Code, provide for the enforcement and administration of Section 3731.01 et seq., Revised Code, and that the fire marshal shall inspect at least one annually.

Section 3731.02, Revised Code, provides that the fire marshal (of the State) shall make such rules and regulations as are necessary to carry out Sections 3731.01 to .21, Revised Code, and to enforce such sections. And Section 3731.21, Revised Code, says the prosecuting attorney of each county upon complaint by the fire marshal shall prosecute any violator of these sections.

### City Ordinance.

Section 604 of City Ordinance requires every person in the business of conducting "any hotel, rooming house or lodging house within the city to procure an annual license, and sets forth the amount of annual fees according to the number of rooms.

Sections 605 to 616 provide for the administration, operation of the houses, and enforcement of these provisions of the City Code.

Section 615 says any officer of the city shall have the right to enter into the premises for the purpose of inspection at any hour.

*Issues.*

The parties have agreed that the issues are completely made by the facts set forth in the pleadings.

*Question.*

The parties agree that the issue is: Does the Ordinance in question conflict with the general laws of Ohio, in particular, Sections 3731.01 to .99, Revised Code?

*Constitution.*

Section 3 of Article XVIII of Ohio Constitution reads:

"Municipalities shall have authority to exercise all powers of local and self-government. To adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

*Pertinent Facts.*

Section 3731.03, Revised Code, says:

"—every person, firm or corporation in the business of conducting a *hotel, shall procure a license—*. No hotel shall be maintained and conducted *without a license.*" The fire marshal issues the license.

Section 604, City Code of Canton (Ordinance 112/61) says:

"No person shall *conduct*—any *hotel—without having first obtained a license* from the license inspector—."

*The Law.*

Although the Municipal Code of Ohio grants power to a municipality to license certain activities and businesses, no general or specific power is granted to license or regulate hotels, as such.

That the Ordinance in question is a police regulation, *Auxter* v. *Toledo*, 173 Ohio St., 444 at 446, says:

"In our opinion, any municipal ordinance, which prohibits the doing of something without a municipal license to do it, is a police regulation within the meaning of Section 3 of Article XVIII of the Ohio Constitution."

The leading earlier case on the question of "conflict" is *Village of Struthers* v. *Sokol*, 108 Ohio St., 263. Syllabus 2., which was approved and followed in *Auxter* v. *Toledo, supra,* says:

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

And at page 268, the court says:

"No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act which is forbidden or prohibited by the other."

In the present case the State says a hotel may be conducted if it obtains a license from it, but the City says that same hotel cannot be conducted unless it receives a license from it, or vice versa. If the State has granted a permit or license to the hotel to operate, the City forbids or prohibits it to operate until it obtains a license from it, or vice versa. And if either the State or the City refuses to license (or revokes the license) because the hotel has not met the requirements of the law or ordinance; and the other grants the license, there is a conflict and the hotel still cannot operate. See first and second paragraphs, *Auxter* v. *Toledo, supra,* at page 447.

The case of *Auxter* v. *Toledo, supra,* is decisive of the present case and clarifies the meaning of Syl. 2 of *Village of Struthers* v. *Sokol* quoted above, Syl. 2., reading:

"2. A C-2 permit issued pursuant to the Ohio Liquor Control Act authorizes the person to whom it is issued to carry on at the place specified therein the business of selling beer and other intoxicating liquors as that business is described in Section 4303.12, Revised Code, and a municipal ordinance which prohibits the carrying on by such person of such business at that place without a city license to do so, that is obtainable only upon paying a fee, would conflict with Sections 4303.12 and 4303.27, Revised Code.

"(*Paragraph two* of the syllabus of *Village of Struthers* v. *Sokol*, 108 Ohio St., 263, and *paragraph two* of the syllabus of *Niehaus Bldg., Inspr.,* v. *State, ex rel. Board of Education of City School Dist., of City of Dayton*, 111 Ohio St., 47, *approved and followed. Paragraph three* of the syllabus of *Stary* v. *City of Brooklyn*, 162 Ohio St., 120, *limited and distinguished.*)"

And at page 447, says:

"In the instant case, *the ordinance forbids and prohibits what the statute permits and licenses.* Even though plaintiff has a state license authorizing him to carry on the business of selling beer in Toledo, *the ordinance prohibits him from doing so if he does not pay for and secure a municipal license to do so."*

Counsel for defendant relies upon *Stary* v. *Brooklyn,* 162 Ohio St., 120, Syll. 3, which was the law until once again a change in the members of the court, ignoring stare decisis, held in *Auxter* v. *Toledo, supra,* that Syll. 3., of the *Brooklyn case* is "limited and distinguished," refraining from saying it was overruled. Yet on page 448 of *Toledo case,* the court specifically says:

"*We are, however, unable to reconcile this part of our opinion with paragraph three of the syllabus* of *Stary* v. *City of Brooklyn* (1954), 162 Ohio St., 120, 121 N. E. (2d), 11. Neither can we reconcile *that syllabus* paragraph with paragraph two of the syllabus of *Village of Struthers* v. *Sokol, supra* (108 Ohio St., 263), or with paragraph two of the syllabus or the decision in *Niehaus* v. *State, ex rel. Board of Education, supra* (111 Ohio St., 47)."

The Court finds and declares that that part of said Ordinance No. 112/61 insofar as it pertains to hotels and motels, is invalid because it is in conflict with Sections 3731.03, *et seq.,* by reason of the provisions of Section 3 of Article XVIII of the Ohio Constitution.