Pete KING, Plaintiff in Error,

v.

The CITY OF TULSA, Oklahoma, Defendant In Error.

No. A–13601.

Court of Criminal Appeals of Oklahoma.

June 22, 1966.

608

Gordon L. Patten, Tulsa, for plaintiff in error.

Charles E. Norman, City Atty., and Hubert H. Bryant, Asst. City Atty., City of Tulsa, for defendant in error.

BRETT, Judge.

This is an appeal from a conviction in the Municipal Criminal Court of Tulsa, Oklahoma, wherein it was charged that the defendant, Pete King, on August 13, 1964 unlawfully and wrongfully refused to allow an inspection of the records of the guests of the Reeder Hotel by an authorized peace officer.

The charge was made under Title 27, Chap. 30, § 447 of the Tulsa Revised Ordinances. Defendant was arrested on August 14, 1964, entered a plea of not guilty and demanded a trial. The case came on for trial on August 18, 1964 and defendant filed a motion to suppress the evidence, on the grounds that the evidence to be offered was obtained in violation of the constitutional protections against unlawful search and seizure; and, that the ordinance is un-

constitutional, being contrary to the statutes of the State of Oklahoma, the laws of search and seizure, and invasion of private property. The trial court overruled defendant's motion to suppress. Defendant was found guilty, and was fined $10, plus court costs of $5.

In order to properly comprehend this situation, it is necessary to recite the sections of the ordinance, of which the defendant complains.

Title 27, Chap. 30, Tulsa Revised Ordinance reads as follows:

"Section 444. Registration of Guests. Each and every person owning, conducting, or operating a hotel or rooming house in the City of Tulsa, as defined in this Chapter or as defined by the laws of the State is hereby required to keep a book or file in which the name, post office address, date of admission and departure shall be entered in the handwriting of the guest, provided, that the room assignment shall be added to said record by the proprietor of said establishment. No person shall be received as a guest of any hotel or rooming house who shall refuse to register as required by this Chapter.

"Section 447: Inspection of Records. Records of guests which are required by this Chapter to be kept by proprietors of hotels and rooming houses shall at all times be subject to inspection of any peace officer of the United States, or the State of Oklahoma or of any peace officer of the City of Tulsa."

The penalty clause of Section 452, of Chapter 30, of the Tulsa City Ordinances, provides as follows:

"Any person violating any of the provisions of this chapter shall be fined in any sum not exceeding the sum of $20.00 including costs. Each days violation of any of the provisions of this chapter shall constitute and be a separate offense."

Only one witness testified and that was Mr. Roy Hunt, the Tulsa Policeman, who

made the arrest. That portion of his testimony, which has some bearing on this matter, was that on August 13, 1964 he requested the defendant to permit him to inspect the registration records of defendant's hotel, the Reeder Hotel in Tulsa, back to July 1, 1964; that the defendant refused to permit the inspection, so Officer Hunt obtained a warrant for his arrest for violation of the ordinance.

At the close of Officer Hunt's testimony, when the motion to suppress was overruled, the City Attorney and the defendant stipulated that the testimony of the officer constituted the City's case. The defendant did not take the witness stand to testify, but attempted to offer a demurrer to the evidence, which was overruled. The court thereupon found the defendant guilty, and set sentence date for September 4. On that date, defendant filed a motion for new trial, and sentence was passed until September 11, 1964.

In defendant's motion for new trial, he sets out four errors, which will be the same considered by this Court. They are: that the court erred in overruling defendant's motion to suppress; that the ordinance under which defendant was prosecuted is contrary to the statutes and constitution of the State of Oklahoma, and the United States, in that the same is in violation of the search and seizure laws of the State of Oklahoma, and of the United States; that the verdict is not sustained by sufficient evidence, or is contrary to law; and errors of law occurring at the trial and excepted to by the defendant.

In his brief, defendant argues the errors under two headings. The first is: "Is the ordinance of the city of Tulsa * * * unconstitutional under the provisions of the United States Constitution and the Constitution of the State of Oklahoma?"

 To this first question, we must answer "no". These city ordinances are drawn under the police power of the sovereignty, which police power inures to the municipal government when the city is formed, under state authority.

 The police power under the American constitutional system has been left to the states, and is vested in the legislative branch of state governments. It has always belonged to the states, and was not surrendered by them to the general government or directly restricted by the Constitution of the United States. Each state has the power, therefore, to regulate the relative rights and duties of all persons, individuals, and corporations within its jurisdiction for the public convenience and the public good. (16 Am.Jur.2d, § 274.)

Defendant's second proposition is stated as: "Does an officer have the right to go upon a private business and demand personal records when no misdemeanor has been committed in the presence of the officer, or when said officer has no reason to believe a felony has been committed?"

We think the answer to this question will be found within the answer to defendant's first proposition. If it is within the police power of the city to provide an ordinance, such as the one in the present case, then it is within the power to provide the officer authority to inspect the hotel register.

 It is clearly established that a hotel is private property, devoted to public use. The hotel traces its origin back to the old "Inn". At the common law, an "inn" has been defined as a house which is held out to the public as a place where transient persons who come will be received and entertained as guests, for compensation; as a public house for entertainment, for all who choose to visit it. (14 R.C.L. 493)

 As stated by the Supreme Court of Ohio in State v. Norval Hotel Co., 103 Ohio St. 361, 133 N.E. 75, 19 A.L.R. 637:

"No principle is better established than that when an owner devotes private property to the public use he so devotes it bound with notice that it will be subject to public regulation * * *."

Oklahoma Constitution, Art. 18, § 3(a) provides:

"Any city containing a population of more than two thousand inhabitants may

frame a charter for its own government, consistent with and subject to the Constitution and laws of the State. * * "

And provides that a city adopting a charter is accorded full power of self-government, and as such municipal corporation, under its charter it has power to enact, ordain, and enforce ordinances for the purpose of protecting the public peace, order, health, morals, and safety of the inhabitants, even though general statutes exist relating to the same subjects.

Under the provision of the Constitution, the City of Tulsa had the right to enact the ordinance hereinbefore quoted, and the ordinance is not repugnant to the provisions of the United States Constitution.

In the case of Ex parte Pappe, 88 Okl. Cr. 166, 201 P.2d 260, this Court said:

"Under constitutional provision for adoption of home-rule charter, city adopting such charter is accorded full power of local self-government and, as such, municipal corporation has power to enact, ordain, and enforce ordinances for purpose of protecting public peace, order, health, morals, and safety of inhabitants, even though general statutes exist relating to same subjects. * * *

"The provisions of a charter, adopted and approved in accordance with such constitutional provision, supersedes all laws of the state in conflict therewith in so far as such laws relate to merely municipal matters."

And in Ex parte Houston, 93 Okl.Cr. 26, 224 P.2d 281, we said:

"Where the jurisdiction of this court is invoked by habeas corpus [appeal] to declare void a statute or [an] ordinance, every presumption is indulged in favor of the validity of the ordinance. This court will not declare such to be void if it can reasonably be sustained.

"Municipality, clothed by statute with proprietary function, in the exercise of which it is responsible to public for prompt and efficient service, must be clothed with power to enable it to meet such requirement."

In 43 C.J.S. Innkeepers § 4, p. 1144, it is said:

"The regulation of [hotels] is a matter which is concerned with the health, morals, and welfare of the public, and is therefore within the police power of a state, and where there are statutes providing for such regulation, one who conducts such an establishment accepts the duty of fulfilling the obligations imposed by the statutes. The regulations, to be valid, must be reasonable and not calculated to discriminate arbitrarily against particular classes or individuals. "The power to regulate is commonly but not always, committed to local bodies such as municipal corporations; and whether or not the power has been so committed in a particular case depends on the interpretation of the governing statute."

The City of Tulsa may not enact regulatory measures contrary to the general laws of the State, enacted by the Legislature. However, the police power granted to the City of Tulsa by its charter gave it the right to pass the ordinance in question to protect the public health, safety, morals and general welfare of society. Courts have generally refused to interfere with the legislative discretion exercised by the governing body of a municipality in the adoption of ordinances proper under the police powers. Jack's Supper Club, Ltd v. City of Norman, Okl., 361 P.2d 291, 294.

The above cited case quotes from Gant v. City of Oklahoma City, 289 U.S. 98, 53 S.Ct. 530, 77 L.Ed.2d 1058, wherein it was said:

"Whether the judgment of the common council of the city in the present case was wise, or whether the requirement will produce hardship in particular instances, are matters with which this court has nothing to do. It is impossible for us to say that the provisions of the or-

dinance are clearly arbitrary and unreasonable. If there be room for fair debate, this court 'will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question'. * * *"

And again in Ex parte Houston, supra, this Court said:

"Where a penal ordinance is challenged as an improper exercise of police power, the courts will indulge every presumption in favor of the validity of the ordinance, and will not declare it void unless it clearly appears that it goes beyond the legislative power."

 It is the function of the courts to determine in each case whether, under the circumstances, the regulation is a reasonable exertion of governmental authority under the police powers, or whether it is arbitrary or discriminatory. Under the present set of facts, the regulation complained of is a reasonable exertion of governmental authority, and is neither arbitrary nor discriminatory. The ordinance applies to all hotels and boarding houses within the City of Tulsa. Likewise, it is clearly not unreasonable for the proper authorities to request to inspect the hotel "guest register", as defined in Sec. 444 of the ordinance, for the period of the previous six weeks, as in this case.

 We can, however, visualize a situation wherein the inspection of the hotel guest register might be unreasonable, in view of the fact that the Tulsa ordinance does not prescribe a specific period of time, during which the guest register is subject to inspection. We think it would be better, if the ordinance specified a certain period of time during which the hotel and boarding house managers must maintain the guest register records, subject to police inspection.

The Alabama Supreme Court held in Allinder v. City of Homewood, 254 Ala. 525, 49 So.2d 108, 22 A.L.R.2d 763, that it was not unreasonable or oppressive to require the maintenance of such records for a period of two years. We are inclined to agree with this position. However, it would appear that the Tulsa ordinance might be an open-end requirement, without limitations. But since this is not a question to be passed upon by this Court, in this case, we will not offer judgment on this question.

 The police power is very broad and comprehensive, and is exercised to promote the health, comfort, safety, morals and welfare of society. Under it, conduct of an individual, as well as the use of private property—devoted to public use—may be regulated so as to interfere—to some extent—with the freedom of one, in the general interests of all the people, so long as the regulation is reasonable.

We are of the opinion, under the circumstances before this Court, that the ordinance complained of is not unreasonable, therefore the judgment of the trial court must be affirmed.

Judgment affirmed.

BUSSEY, P. J., and NIX, J., concur.