COMMONWEALTH vs. BRIAN P. BLINN.

Essex. November 5, 1986. — January 22, 1987.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Search and Seizure,* Expectation of privacy, Administrative inspection.
*Constitutional Law,* Search and seizure. *Innkeeper.*

The manager of a motel who was approached by a State trooper seeking to
inspect the motel's guest register pursuant to G. L. c. 140, § 27, had
no legitimate expectation of privacy in the register in the circumstances
of this case, so that the trooper's request that the manager produce the
register for inspection did not require a search warrant under the Fourth
Amendment to the United States Constitution. [127-129]

COMPLAINT received and sworn to in the Salem Division of
the District Court Department on September 27, 1984.

In the jury session of that division, the case was tried before
*Joseph A. Furnari, J.*

The Supreme Judicial Court granted a request for direct
appellate review.

*John S. Legasey (Michael J. McLane* with him) for the
defendant.

*Robert J. Bender,* Assistant District Attorney, for the Com-
monwealth.

NOLAN, J. The defendant, Brian P. Blinn, appeals from a
judgment of conviction by a jury of six in the Salem Division
of the District Court. The defendant was found guilty of vio-
lating G. L. c. 140, § 27 (1984 ed.),[1] for refusing to produce

---

[1] General Laws c. 140, § 27 (1984 ed.), in pertinent part, provides: "Every
innholder . . . shall keep or cause to be kept, in permanent form, a register
in which shall be recorded the true name or name in ordinary use and the
residence of every person engaging or occupying a private room . . . . Such
register shall be retained by the holder of the license for a period of at least
one year after the date of the last entry therein, and shall be open to the
inspection of the licensing authorities, their agents and the police. Whoever

a motel register when requested to do so by a State trooper. The defendant now argues that G. L. c. 140, § 27 (1984 ed.), violates the Fourth Amendment to the United States Constitution and art. 14 of the Declaration of Rights of the Massachusetts Constitution.[2] We allowed the defendant's petition for direct appellate review. We disagree and affirm the conviction.

The facts are not in dispute. On September 21, 1984, Massachusetts State Trooper Robert Smith went to the Howard Johnson Motor Lodge in Danvers. Trooper Smith asked the defendant, the manager of the motel, to produce the motel's guest register for inspection. The defendant refused to allow Trooper Smith to see the register unless Trooper Smith obtained a search warrant. Trooper Smith left the motel and returned with a copy of G. L. c. 140, § 27, and again demanded to see the register. Even though the statute required the defendant to show the register to the police, the defendant refused to do so because the State trooper did not have a search warrant. The trooper again left the motel and returned with two other troopers about an hour and a half later. At this time, the defendant produced the register, but he was subsequently charged with violating G. L. c. 140, § 27, for failing to produce the register for inspection when first requested to do so. At no time did Trooper Smith obtain a search warrant requiring the defendant to produce the guest register for inspection.

Our inquiry begins by examining whether the conduct of the trooper constituted a search in the Fourth Amendment sense. The Fourth Amendment does not prohibit all searches per se, but it does bar police intrusions into areas where a defendant has a "legitimate expectation of privacy in the particular circumstances." *Commonwealth* v. *Podgurski,* 386 Mass. 385, 387 (1982), cert. denied, 459 U.S. 1222 (1983), quoting *Sul-*

violates any provision of this section shall be punished by a fine of not less than one hundred nor more than five hundred dollars or by imprisonment for not more than three months, or both."

[2] The defendant did not make his State constitutional claim at trial and it cannot be raised for the first time on appeal. *Commonwealth* v. *Cote,* 386 Mass. 354, 358 n.6 (1982).

*livan* v. *District Court of Hampshire,* 384 Mass. 736, 741-742 (1981). Thus, if the defendant had no legitimate expectation of privacy in the motel register, the trooper's request pursuant to G. L. c. 140, § 27, does not require a search warrant under the Fourth Amendment.

The United States Supreme Court has held that the government "has 'greater latitude to conduct warrantless inspections of commercial property' because 'the expectation of privacy that the owner of commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home.'" *Dow Chemical Co.* v. *United States,* 476 U.S. 227, 237-238 (1986), quoting *Donovan v. Dewey,* 452 U.S. 594, 599 (1981). The Court has emphasized that, unlike a homeowner's interest in his dwelling, "[t]he interest of the owner of commercial property is not one in being free from any inspections." *Id.* at 238. The test in determining whether a particular defendant has a reasonable expectation of privacy is essentially an objective one: whether the expectation is one that society is prepared to recognize as reasonable. *Michigan* v. *Clifford,* 464 U.S. 287, 292 (1984).

Based on the facts presented at the defendant's trial, we conclude that the defendant had no reasonable expectation of privacy in the motel's guest register. In reaching this conclusion, we rely on several factors. First, as noted above, in business premises a person enjoys less of an expectation of privacy than in a home. Second, the guest register at issue was required to be kept by statute, thereby placing the defendant on notice that the register was subject to police inspection. The fact that a statute gives advance notice of warrantless inspections, though not determinative, is a factor to be considered in determining whether a defendant's expectation of privacy is legitimate. *United States* v. *Biswell,* 406 U.S. 311, 316 (1972). 3 W. LaFave, Search and Seizure § 10.2(c), 221 (1978). Third, all motel guests are presumed to be aware that the defendant was required by law to keep an accurate register because the laws regarding the register are required to be posted. G. L. c. 140, § 31 (1984 ed.). Thus, the defendant's argument that he could withhold the register in order to protect

the privacy of his guests must fail because the guests had no legitimate expectation that their names in the register could be withheld from the police.

Finally, it is important to note that the defendant was not the target of a criminal investigation by the State police. Had the police sought the register for the purpose of obtaining evidence against the defendant in a criminal proceeding, the defendant arguably may have had an expectation of privacy in the register. However, where, as here, the police are seeking the register to ascertain whether a criminal suspect is registered at the hotel, the hotel manager's expectation of privacy in the register is significantly diminished, if it exists at all. The record indicates that the defendant did not know that he was not a criminal suspect, but this fact alone is not sufficient to warrant reversal. The fact that the defendant was not the target of a criminal investigation, when combined with the other three factors discussed above, indicates that the defendant had no legitimate expectation of privacy in the motel register in the circumstances of this case. Accord *King* v. *Tulsa,* 415 P.2d 606, 610-612 (Okla. Crim. App. 1966) (upholding a hotel guest register inspection ordinance which was challenged as an unconstitutional search and seizure; an inspection pursuant to the ordinance is not unreasonable when the police request is limited to a specific period of time); *Allinder* v. *Homewood,* 254 Ala. 525, 531-533 (1950) (statute requiring guest register to be open for police inspection for two years after the date of the last register entry does not violate innkeeper's constitutional right to be free from "obnoxious force and seizure").

The defendant argues that the State trooper's request to view the register is an administrative search which must meet the standards we set out in *Commonwealth* v. *Lipomi,* 385 Mass. 370, 380 (1982) (statute regulating pharmacies). Under *Lipomi,* a warrant is required unless the enterprise is pervasively regulated, a warrantless inspection is crucial to furthering an urgent governmental interest, and the scope of inspection is limited in time, place, and manner. See also *Dunlop* v. *Hertzler Enters., Inc.,* 418 F. Supp. 627, 631-632 (D.N.M. 1976). The short answer to that argument, however, is that the *Lipomi*

standards were based on statutory principles which have no application here. The defendant also argues that he should not have had to produce the register because the trooper was conducting a criminal investigation under the guise of an administrative search. See *Commonwealth* v. *Frodyma,* 386 Mass. 434, 437-438 (1982), *S.C.,* 393 Mass. 438 (1984). The instant case, however, is readily distinguishable from *Frodyma* because here the State trooper was not seeking evidence to be used against the defendant and because *Frodyma,* like *Lipomi,* was decided under statutory standards. Finally, the defendant contends that the Commonwealth must show exigent circumstances in order for the inspection of the motel register to be valid, but this argument must also fail because neither a warrant nor exigent circumstances are required for inspection of items in which a defendant has no reasonable expectation of privacy.

*Judgment affirmed.*