JOURNAL ENTRY AND OPINION
{¶ 1} Appellant the State of Ohio appeals from the trial court's finding Cleveland Cod. Ord. 601.15 unconstitutional. The State assigns the following error for our review:
 {¶ 2} "I. The trial court erred by concluding that City of Cleveland Ordinance 601.15 is unconstitutional under the three-part test established in New York v. Burger (1987), 482 U.S. 691, 699, 107 S.Ct. 2636, 2642, 96 L.Ed.2d 601."
 {¶ 3} After reviewing the pertinent law, we reverse the trial court's judgment and remand for further proceedings. The apposite facts follow.
 {¶ 4} Grays was indicted by the grand jury in a multi-count indictment charging him with fraudulent acts concerning vehicle identification numbers and receiving stolen property.[1] These charges arose out of the administrative warrantless search of Eddie's Towing and Salvage, of which Grays was in charge.[2]
 {¶ 5} On September 5, 2000, members of the Cleveland Police Department entered Eddie's Towing and Salvage, Inc. located at 10223 Miles Avenue in Cleveland The police conducted a warrantless search of the salvage yard under the authority of Cleveland Cod. Ord. 601.15. Cleveland Cod. Ord. 601.15 grants authority to the police to conduct administrative warrantless searches of junkyards and similar establishments "for the purpose of locating stolen motor vehicles and/or stolen motor vehicle parts." As a result of their search, the police found several vehicles and parts with missing vehicle identification numbers. Maurice Grays was therefore arrested.
 {¶ 6} In a motion to suppress, Grays argued Cleveland Cod. Ordinance 601.15,[3] under which the police initially inspected Eddie's Towing, violated the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. He therefore argued any evidence collected under the search warrant should be suppressed. The State opposed this motion, arguing this court in State v. Zinmeister,[4]
found a former version of the ordinance to be constitutional as did the Federal Sixth Circuit Court of Appeals in Term Auto Sales, Inc. v.Cleveland[5]
 {¶ 7} Subsequent to a hearing on the motion, the trial court concluded Cleveland Cod. Ordinance 601.15 was unconstitutional because it did not sufficiently limit the scope of the investigatory search, and permitted a search without probable cause. The court, therefore, suppressed all the evidence confiscated by the police.
 {¶ 8} In its sole assigned error, the State argues the court erred by concluding the ordinance is unconstitutional because the ordinance properly limits the time, place, and scope of the inspection.
 {¶ 9} In determining the constitutionality of an ordinance, we are mindful of the fundamental principle requiring courts to presume the constitutionality of lawfully enacted legislation.[6] The legislation being challenged will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt.[7]
 {¶ 10} In general, warrantless administrative searches are unreasonable and therefore invalid.[8] The United States Supreme Court, however, has made an exception to the requirement of a search warrant for "pervasively regulated business[es],"[9] and industries closely regulated and "long subject to close supervision and inspection."[10]
 {¶ 11} Because the owner or operator of a commercial premises in a "closely regulated" industry has a reduced expectation of privacy, the warrant and probable cause requirements of the Fourth Amendment have lessened application in this context.[11] "[W]here the privacy interests of the owner are weakened and the government interests in regulating particular businesses are concomitantly heightened, a warrantless inspection of commercial premises may well be reasonable within the meaning of the Fourth Amendment."[12]
 {¶ 12} In New York v. Burger[13] the United States Supreme Court addressed the constitutionality of a similar ordinance to that in the instant case, authorizing administrative searches of scrap yards. In so doing, the Court noted that a junkyard or demolition lot is a closely regulated business. The Court, recognizing Fourth Amendment protections are lightened for closely regulated businesses, used a three-part test to determine the constitutionality of an administrative search of a business.
 {¶ 13} First, the regulation must have a substantial government interest.[14] The Court found that increasing auto thefts warranted government action to curb the problem. Second, the administrative search must be necessary to further the regulation.[15] The Court found that searches of scrap yards are necessary to further the government's interest in stopping auto theft because stolen cars and parts often end up in such businesses. The Court went on to hold the inspections had to be unannounced and frequent in order to further the regulation of stolen parts and cars because these items pass quickly through such businesses.[16]
 {¶ 14} Finally, the third criteria is the administrative scheme must "provide a constitutionally adequate substitute for a warrant."[17]
The Court clarified that the statute must advise the owner of the premises that the search is being made pursuant to the law and has a properly defined scope, and must limit the discretion of the inspecting officers.[18] The Court stated "in defining how a statute limits the discretion of the inspectors, we have observed that it must be `carefully limited in time, place and scope.'United States v. Biswell,406 U.S. at 315."[19]
 {¶ 15} In the instant case, although the trial court found the first two prongs of the Burger test were met, the court found the third prong of the test was not. That is, the court found the ordinance, unlike the ordinance at issue in the Burger case, did not contain sufficient "limiting language" of time, place and scope of the inspection, because it permitted the inspectors to inspect vehicles and parts without probable cause and permitted the inspectors to enter the business at anytime.
 {¶ 16} This court in State v. Zinmeister concluded that the almost identical ordinance, which existed prior to the current ordinance, sufficiently limited the scope of the inspection.[20] In that case, Zinmeister was a salvage dealer like Grays. Cleveland police performed a warrantless administrative search of his business and found stolen vehicles. On appeal, Zinmeister argued Cleveland Cod. Ordinance 601.15 was unconstitutional because it did not restrict the scope of the search. This court concluded:
 {¶ 17} "[T]he Cleveland Ordinance involves a closely regulated industry and is carefully limited in time, place and scope: The vehicle inspections are restricted to certain businesses (as opposed to any
business as was the case in Marshall); `shall be conducted at a time and in a manner so as to minimize any interference with, or delay of, business operations'; and are limited to inspection of motor vehicles and `the title, registration, vehicle identification number, or license plates of the vehicle.'
 {¶ 18} "* * *
 {¶ 19} "These limitations provide adequate notice to owners of vehicle handling businesses that their vehicles will be subject to inspection and ensure sufficient procedural safeguards against the type of unbridled discretion that was present in Marshall. Hence, under these circumstances, the owner of an auto salvage business (a pervasively regulated industry) possesses a diminished expectation of privacy which may be adequately protected by a regulatory scheme which authorizes warrantless inspections. Donovan, supra, at 599."[21]
 {¶ 20} Therefore, this court has already determined that adequate limitations were placed on the time, place, and scope of the inspection.
 {¶ 21} Although the trial court in the instant case found it was not bound by this court's decision in Zinmeister because it precededBurger v. New York, the limitations principle that was set forth in NewYork v. Burger, was based on Donovan v. Dewey[22] which this court relied upon in Zinmeister in discussing the limitations provision. Therefore, we conclude the trial court was indeed bound by this court's earlier decision.
 {¶ 22} Furthermore, although the trial court found the Cleveland ordinance different from that in the Burger case, the Federal Sixth Circuit Court of Appeals in Term Auto Sales v. City of Cleveland[23]
found them similar. Although we are aware that the state can impose stricter constitutional protections than the federal government,[24]
federal law is considered "very persuasive" when dealing with search and seizure issues because Section 14 Article 1 of the Ohio Constitution and the Fourth Amendment have virtually identical language.[25]
 {¶ 23} In finding the Cleveland ordinance was similar to the one in Burger, the Sixth Circuit concluded:
 {¶ 24} "It is true that the New York statute does provide that any request for documents shall be made `during * * * regular and usual business hours'; whereas, the Cleveland ordinance provides that inspections `shall be conducted at a time and in a manner so as to minimize any interference with or delay of business operations.' We do not consider this difference in approach to be of constitutional significance. Both ordinances seek to minimize interference with legitimate business operations. One can always construct an argument that the language of either enactment might leave room for abuses. * * * Although there is little doubt that the ordinance could be improved upon by narrowing its scope and providing further time, place and scope restrictions, we do not find the ordinance as written to be facially unconstitutional."[26]
 {¶ 25} We agree with the above authorities that the ordinance is sufficiently limited in time, place and scope and is therefore not unconstitutional. The place of the search is limited to certain businesses and the scope is limited to the inspection of the title, registration, vehicle identification number, or license plates of the vehicles and the identification numbers on motor vehicle parts. The time of the inspection is limited to a "time and in a manner so as to minimize any interference with or delay of business operations"[27] which serves the same purpose of the time limitation in the Burger ordinance.[28]
That is, to limit the interference with business.
 {¶ 26} Further, although the trial court also found the ordinance unconstitutional because it permitted searches that are not based on probable cause, it ignored the Supreme Court precedence establishing closely regulated industries have reduced protection from theFourth Amendment.[29] Because of the reduced privacy rights of closely regulated businesses, the Court has held as long as the three criteria established by the Burger court are met, the warrantless inspection is reasonable under the Fourth Amendment.[30]
 {¶ 27} Accordingly, we conclude the ordinance meets the three criteria of the Burger test and is constitutional. The State's sole assigned error is therefore sustained.
 {¶ 28} Judgment is reversed and remanded for further proceedings consistent with this opinion.
 {¶ 29} This cause is reversed and remanded.
Ann Dyke, J., and Frank D. Celebrezze, Jr., J., concur.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The receiving stolen property count was later dismissed by the State.
[2] The State in State v. Grays, Cuyahoga Dist. No. 79484, 2001-Ohio-4251, previously appealed from the trial court's dismissal of six of the seven counts against Grays, after finding Grays was immune from prosecution because he had a salvage license pursuant to R.C. 4549.62
and acted in good faith in acquiring the vehicles. This court reversed the trial court's decision finding such matters were for the trier of fact to determine and the matter was remanded for further proceedings. The motion to suppress, which is the subject of the instant case, was filed thereafter.
[3] Cleveland Ord. 601.15 provides in pertinent part:
"(a) For the purpose of locating stolen motor vehicles and/or stolen motor vehicle parts, the Chief of Police, or his authorized representative, may inspect any motor vehicle * * * and may inspect any motor vehicle part that has been marked with an identifying number by the manufacturer, situated in the City of Cleveland in any * * * motor vehicle salvage facility * * * junk yard, or other similar establishment, and may inspect the title, registration, vehicle identification number, or license plates of the vehicle in order to establish the rightful ownership or possession of the vehicle or vehicle part.
"* * *
"(c) Whenever possible, inspections conducted pursuant to division (a) or (b) of this section shall be conducted at a time and in a manner so as to minimize any interference with, or delay of, business operations."
[4] (1985), 27 Ohio App.3d 313.
[5] (C.A. 6, 1995), Case No. 94-3088.
[6] Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 38-39; Univ. Hts. v.O'Leary (1981), 68 Ohio St.2d 130, 135; Hilton v. Toledo (1980),62 Ohio St.2d 394, 396.
[7] Id. See, also, Hale v. Columbus (1990), 63 Ohio App.3d 368,372.
[8] Marshall v. Barlow's Inc. (1978), 436 U.S. 307, 312.
[9] United States v. Biswell (1972), 406 U.S. 311, 316.
[10] Colonnade Catering Corp. v. United States (1970), 397 U.S. 72,77.
[11] New York v. Burger (1987), 482. U.S. 691.
[12] Id. at 702.
[13] Id.
[14] Id. at 702.
[15] Id.
[16] Id. at 710.
[17] Id. at 703, citing Donovan v. Dewey (1981), 452. U.S. 594, 600.
[18] Id. at 703.
[19] Id. at 703.
[20] The ordinance in that case was substantially similar to the current ordinance before us, except the new ordinance includes "motor vehicle parts" are included in the search.
[21] Id. at 317.
[22] (1981), 452 U.S. 594, 598-599.
[23] (C.A. 6, 1995), Case No. 94-3088.
[24] "States are free to interpret their constitutions independently of the United States Constitution so long as that interpretation affords, as a minimum, the same protection as its federal counterpart." Arnold v. Cleveland (1993), 67 Ohio St.3d 35, 616 N.E.2d 163, at paragraph one of the syllabus.
[25] State v. Robinette (1997), 80 Ohio St.3d 234, 239.
[26] Id. at 14-15.
[27] Cleveland Cod. Ord. 605.15.
[28] Term Auto Sales, supra.
[29] Burger, supra.
[30] Id. at 702.